NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| OMEGA FINANCIAL SERVICES, INC, | : | |
| Plaintiff, | : | |
|  | : | Civil Action No. 07-1470 (JAG) |
| v. | : | |
|  | : | **OPINION** |
| INNOVIA ESTATES & MORTGAGE CORP. and MARIA CASTILLO, | : | |
| Defendants. | : | |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on the motion by Defendant Innovia Estates & Mortgage Corporation ("Innovia" or "Defendant") to transfer venue to the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. § 1404(a). In the alternative, Innovia seeks to dismiss the Complaint, arguing that venue in this Court is improper under 28 U.S.C. § 1391(a) and on the grounds of forum non conveniens. For the reasons set forth below, Innovia's motion to transfer, pursuant to 28 U.S.C. § 1404(a), will be denied. Innovia's motion to dismiss, pursuant to 28 U.S.C. § 1391(a), and on the grounds of forum non conveniens, will also denied.

**I. BACKGROUND**

Innovia's motions arise out of a diversity suit filed by Plaintiff Omega Financial Services,

1

Inc. ("Omega" or "Plaintiff"), alleging fraud and breach of contract claims. Omega, a New Jersey based mortgage lender, entered into a Broker Agreement ("Agreement") with Innovia, a California based realtor and mortgage broker for the purpose of securing mortgage and refinance loans with prospective customers in California. (Compl. ¶ 6.) The forum selection clause contained in the Agreement stated:

> This agreement shall be governed by, and construed and enforced in accordance with applicable federal law and the laws of the State of New Jersey. Any action arising out of this Agreement or the transactions contemplated hereby may be instituted in any state or federal court located in the State of New Jersey. Further, each party expressly waives any objection which such party may have to the laying of venue of any such action, and irrevocably submits to the jurisdiction of any such court and agrees to be fully bound by any final unappealed decision of those courts.

(Compl. Ex. A.)

In October and December of 2006, Innovia submitted to Omega a mortgage loan application completed by Defendant Maria Castillo ("Castillo"). Castillo intended the loan to assist in refinancing properties she owned in California. (Compl. ¶ 9, 13.) Omega filed suit against Innovia in this Court after discovering that Castillo allegedly made fraudulent representations on the mortgage loan application with respect to the use of her properties.

## II.  REQUEST TO TRANSFER VENUE

28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The decision whether to transfer a given action is of the sound discretion of the trial court. See Cadapult Graphic Sys. v. Tektronix, Inc., 98 F. Supp. 2d 560, 564 (D.N.J. 2000). Pursuant to 28 U.S.C. § 1404(a), a party may transfer a case to a

different venue, so long as the original venue and the requested venue are proper.[1]  Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d Cir. 1995).  The Third Circuit has enumerated a series of public and private interests that should be considered when determining whether the request for a venue change should be granted.  Id. at 880.  The private interests include: (1) the plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses; and (6) the location of books and records.  Id. at 879.  The public interests include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases.  Id.  The plaintiff's choice should not be altered "unless the balance is strongly tipped in favor of the defendant."  Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947).  This Court will consider the aforementioned factors seriatim.

**A.      Private Interests**

    1.      Forum Selection Clause

Omega's forum preference manifests itself in both Omega's original choice of venue and

---

[1] In its brief, Omega argued that the District Court for the Eastern District of California is not a proper venue for this Action, because neither Innovia nor Castillo are located in the Eastern District of California. (Pl. Br. 15.)  Innovia responded by amending its request, asserting that the case should be transferred to either the Eastern or the Northern Districts of California. (Def. Reply Br. 2-3.)  This Court need not decide whether the District Courts in the Eastern and Northern Districts of California are appropriate venues, based on this Court's determination that, given the facts, venue in New Jersey should be preserved.

the Agreement's forum selection clause. Consideration of the forum selection clause fits within the § 1404(a) analytical framework such that a valid clause should be afforded great weight. Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29-30 (1988). While a valid forum selection clause is not dispositive, it is entitled to substantial consideration. Id. at 29-30. A forum selection clause is presumed valid if its inclusion in the contract did not come about as a result of "fraud, influence, or overweening bargaining power." See Jumara, 55 F.3d at 880 (citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 12-13, (1972)). If the clause is valid, Innovia "bear[s] the burden of demonstrating why [it] should not be bound by [its] contractual choice of forum." See Jumara, 55 F.3d at 880. Parties must submit evidence on bargaining power or the circumstances of negotiating the contract in order to overcome the presumptive validity of a forum selection clause. Plum Tree, Inc. v. Stockment, 488 F.2d 754, 757 (3d Cir. 1973).

Innovia fails to demonstrate that the forum selection clause is invalid or that the clause should not bind the parties. Innovia alleges that the forum selection clause is the result of Omega's overreaching bargaining power because it was part of a pre-printed, "take-it-or-leave-it" contract into which Innovia entered without the benefit of legal assistance. (Def. Br. 3.) The Third Circuit has held, however, that parties need not negotiate over the terms of the forum selection clause. Foster v. Chesapeake Ins. Co., 933 F.2d 1207, 1219 (3d Cir. 1991). Innovia has presented no evidence to support a finding of fraud, influence, or overreaching bargaining power, and consequently has not effectively rebutted the presumption that the forum selection clause is valid and deserving of great weight.

    2.    The Remaining Private Interest Factors

Notwithstanding the forum selection clause, Innovia argues that the convenience of the

witnesses, the location of records and documents, and the nature of where the claim arose weigh in favor of transferring venue.  Innovia argues that the defendants, the witnesses, the mortgage applications, the loan documents, and the property at issue are all located in California.  However bothersome, the parties' private interest in convenience generally weighs in favor of the moving party only if witnesses or documents might be unavailable in a given forum.  Jumara, 55 F.3d at 879.  The stated inconvenience of "repeated travel for all parties, witnesses, and experts" (Def. Br. 3) is unsubstantiated by any facts or affidavits sufficient to show that the records and witnesses cannot be transported to New Jersey.  Innovia fails to explain how transporting the original documents or copies of the documents would be "oppressiv[e] and vex[ing] . . . out of all proportion to plaintiff's convenience."  Piper Aircraft Co. v. Reyno, 454 U.S. 235, 245 (1981).

       The location of the parties likewise does not thwart litigating this action in New Jersey.  Although the parties are located on opposite coasts, such a distance is not sufficient to establish an unreasonable burden.  DiRienzo v. Philip Servs. Corp., 294 F.3d 21, 23-27 (2d Cir. 2002) (holding that venue in New York was proper despite the majority of witnesses and documents being located in Toronto, since modern travel is not prohibitively burdensome in terms of cost or time); see also Hatfield, Inc. v. Robocom Systems Int'l, No. 98-4004, 1999 WL 46563, at *2 (E.D. Pa. Jan 15, 1999) (denying motion to transfer to Eastern District of New York in part because "the distance between the two venues is not great and transportation is readily available").  Additionally, Innovia had notice of the burdens involved in defending a potential lawsuit when it signed the Agreement.

       Innovia also contends, incorrectly, that the claim arose in California because the property and the subject of the loan are in California.  In determining the origin of the claim, courts look

to the "locus of the alleged culpable conduct." Van Cauwenberghe v. Biard, 486 U.S. 517 (1988). Although the property is located in California, the claim is still considered to have arisen in New Jersey: the mortgage loan application was presented to, and approved by, Omega in New Jersey, and the alleged fraudulent misrepresentations arose out of that loan issuance. Taken as a whole, the private interest factors do not establish the need for a transfer based on the interests of ease, expense, or convenience.

**B.     Public Interest**

The public interest factors also disfavor transferring venue. The public policy interests in upholding freely negotiated contracts and promoting dependable business transactions weigh in favor of retaining venue in New Jersey, given the parties' stipulation to resolve disputes in New Jersey courts. Bremen, 407 U.S. at 12-17. The trial judge's familiarity with the applicable state law likewise supports preserving venue in New Jersey because the parties agreed to apply New Jersey law when resolving disputes. (Compl. Ex. A.) Lastly, there exist no concerns regarding the enforceability of a judgment in this case. See Lucent Tech., Inc. v. Dicon Fiberoptics, Inc., No. 05-2534, 2006 WL 2290522, at *5 (D.N.J. 2006) (finding "no appreciable difference between the Northern District of California and the District of New Jersey with regard to the eventual enforceablity of any judgment or administrative difficulties in handling this matter in an expeditious manner").

Here, the public and private interests weigh in favor of retaining this action in New Jersey. Innovia's motion to transfer will be denied.

### III.  MOTION TO DISMISS FOR IMPROPER VENUE

The second issue before this Court is whether venue in New Jersey is improper under 28

U.S.C. § 1391(a). In actions based solely on diversity, 28 U.S.C. § 1391(a) provides that venue is proper in districts (1) where any defendant resides, if they all reside in the same state; (2) where a substantial part of the events or omissions that gave rise to the claim occurred; or (3) where the defendant is subject to personal jurisdiction.

Innovia incorrectly argues that, because the forum selection clause is invalid, New Jersey is an improper venue. As stated supra in Section I, A, 1, the forum selection clause is valid. See Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353 (2d Cir. 2005) (holding that the state where an insurance policy was submitted, approved, and issued constituted a "substantial part of the events" sufficient for proper venue). Notwithstanding the forum selection clause, New Jersey is a proper venue because "a substantial part of the events or omissions giving rise to the claim" occurred in New Jersey. 28 U.S.C. § 1391. The statute does not require that a majority of the events take place in the chosen venue, but rather mandates that a substantial part of the events occur in the chosen venue. Park Inn Int'l LLC v. Mody Enter., Inc., 105 F. Supp. 2d 370, 376 (D.N.J. 2000). Innovia submitted a mortgage loan application via mail to Omega, a New Jersey based mortgage lender, and, based on that application, Omega granted the loan. The submission and approval of the loan, which occurred in New Jersey, gave rise to Omega's fraud and breach of contract claims. Accordingly, venue in New Jersey is proper under 28 U.S.C. § 1391(a)(2) and (3).

### IV. FORUM NON CONVENIENS

Forum non conveniens as a ground for dismissal "has continuing application in federal courts only in cases where the alternative forum is abroad . . . ." Sinochem Int'l Co. v. Malay. Int'l Shipping Co., 127 S.Ct. 1184, 1190 (2007). Because this action involves two domestic

corporations, the doctrine of forum non conveniens is inapplicable.  Moreover, forum non conveniens analysis involves identical factors to those considered in the § 1404(a) analysis, but requires an even higher burden of proof.  Piper, 454 U.S. at 253.

As discussed supra in Section I, the private and public policy concerns do not outweigh the valid forum selection clause nor the presumption in favor of Plaintiff's choice of forum.

## V.  CONCLUSION

For the reasons set forth above, this Court will deny Innovia's motion to transfer venue pursuant to 28 U.S.C. § 1404(a).   Innovia's motion to dismiss, pursuant to 28 U.S.C. § 1391(a), and on the grounds of forum non conveniens, will also be denied.

 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Date: December 6, 2007